UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                        Case No.:   2:16-cr-94-SPC-CM

RANDAL MARTIN
                                                    /

**ORDER**

Before the Court is Defendant Randal Martin's motion for early termination of supervised release.[1] (Doc. 67). Almost seven years ago, the Court sentenced Defendant to sixty months of prison and sixty months of supervised release for having a pistol to traffic drugs. (Doc. 42). Since then, Defendant has served his prison time and has been on supervised release since December 10, 2020. Although Defendant has another nineteen months left of supervised release, he asks the Court to terminate the term now. Neither the Government nor United States Probation Office opposes the relief.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released

---

[1] Defendant mistakenly moves to terminate his term of "probation." (Doc. 67). But the Court sentenced him to supervised release—not probation. Because of Defendant's clear scrivener's error, the Court construes his motion to be about his supervised release term.

and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will discharge Defendant from his term of supervised release.  He has served over seventy percent of his supervised release term "without any problems, violations, or concerns."  (Doc. 67 at 1).  He has no monetary obligations.  Defendant is also employed and is considered a "valued and trusted employee."  *Id.*  Because of Defendant's conduct (and the motion being unopposed), the Court is satisfied the interest of justice warrants terminating his term of supervised release early.

Accordingly, it is

**ORDERED:**

1. Defendant Randal Martin's motion for early termination of supervised release is **GRANTED.**

2. Defendant's term of supervised release is **TERMINATED** effective today.

**DONE** and **ORDERED** in Fort Myers, Florida on May 9, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record